UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 17-002-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TODD INGRAM | ) | **AMENDED MEMORANDUM** |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The Memorandum Opinion and Order entered August 25, 2017 [Record No. 39], is amended to correct an error in footnote 1 on page 10. As corrected, the footnote provides:

<sup>1</sup>   The defendant cites *Sasser v. Commonwealth*, 485 S.W.3d 290, 297 (Ky. 2016), for the proposition that a conviction for first degree robbery does not require proof of a threat, and that possession of a firearm does not constitute a threat under the statute. In a narrow sense, that is correct. *Sasser* was analyzing a defendant's argument that the trial judge erred in not requiring an instruction for the lessor-included offense of third-degree terroristic threatening. *Id*. But because first-degree robbery may be committed by actual use of force, rather than by threatened use of force, a threat is not necessary. The Kentucky Supreme Court reasoned that, because third-degree terroristic threatening requires proof of a threat, while first-degree robbery does not require proof of a threat, third-degree terroristic threatening "is simply a separate, uncharged offense" (rather than a lessor-included offense). *Id*. To be sure, *Sasser* states "[i]n addition to threatening harm, a person may be found guilty of [first-degree robbery] either causing physical injury to someone other than a participant in the crime, or by simply possessing a deadly weapon." As an initial matter, *Sasser* was not deciding the matter at issue here—rather, the defendant conceded that pointing the firearm at the victim was a threat (though he did not apparently threaten to use the firearm). The issue in Sasser was whether there was sufficient evidence of the defendant's intent to commit theft. The defendant, therefore, was attempting to obtain relief for the trial court's failure to provide a lessor-included-offense instruction. Because first degree robbery may be committed by use of force that leads to physical injury, it follows that no threat is required. Therefore, the point of the Supreme Court was only that a threat is not required to commit first-degree robbery, and any gloss on the "mere

possession" is dicta. Apart from being dicta, the sentence that Ingram cites, simply cannot be taken at face value because it is in direct contradiction to the statutory language and supporting commentary. As the commentary makes clear, first-degree robbery requires that all of the elements of second-degree robbery be met (in the course of committing theft, [a person] uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft), along with one of the aggravating factors, one of which is possession of a firearm. At face value, the Sasser line suggests that first-degree robbery may be committed by merely possessing a firearm in the course of committing theft. On the contrary, the perpetrator must also use or threaten the immediate use of physical force. Therefore, *Sasser* does not support Ingram's position that a hidden firearm satisfies the statute.

This 28th day of December, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge